## James Pease, Sheriff, and Charles H. Fuller's Advertising Agency v. Otto Guenther.

1.  CREDITOR'S BILL—*Statements of the President of a Corporation Incompetent.*—The statements of the president of a corporation do not afford sufficient grounds for enjoining creditors of the corporation from the prosecution of their legal rights.

2.  COURTS OF EQUITY—*Power Over Judgments.*—Courts of equity have ample power, in a proper case, to remove a judgment out of the way of an execution issued upon a subsequent judgment.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed December 26, 1895.

### STATEMENT OF THE CASE.

On the 18th day of October, A. D. 1895, the Charles H. Fuller's Advertising Agency entered judgment by confession

against the King Manufacturing Company for $992.31, and on the same day placed an execution in the hands of the sheriff, levying on the property of the King Manufacturing Company. On the same day the Whitney Glass Works entered judgment against said company for $692.77, and also placed an execution in the hands of the sheriff, levying on the property of the said King Manufacturing Company.

On October 21, 1895, the appellee herein entered judgment against the King Manufacturing Company for $386.94, and had execution placed in the hands of the sheriff. The sheriff, however, although in possession of the property for three days prior to this time, had not taken any steps to sell the same, until the entry of the judgment by appellee, when said sheriff advertised said property to be sold on the 31st day of October, 1895.

On the 24th day of October, A. D. 1895, appellee filed his bill of complaint in the office of the Circuit Court, alleging that the notes of the Charles H. Fuller's Advertising Agency, dated October 10, 1895, which complainant charges were executed on the 18th day of October, 1895, were given for the purpose of defrauding complainant, and that no consideration was given by Charles H. Fuller's Advertising Agency for the notes; that on the 18th day of October, defendant C. B. Hull informed complainant that said Hull and the King Manufacturing Company were not indebted to Charles H. Fuller's Advertising Agency in any amount whatever, nor was the King Manufacturing Company indebted to any person except complainant; that said Hull stated to complainant on the morning of October 18, 1895, that he, as president of the King Manufacturing Company, had given the notes to Charles H. Fuller's Advertising Agency, and that said Hull, as president of said company, had executed said notes in favor of said Charles H. Fuller's Advertising Agency for the purpose of protecting himself; that he knew complainant would enter up judgment as soon as complainant's notes were due; that Hull informed complainant that there was a large amount of outstanding claims due to the King Manufacturing Company, amount-

ing to about $5,000 or $6,000; that since the sheriff has been in possession of the property of the King Manufacturing Company, said company has carried on its business as before, and that the King Manufacturing Company, since the date of the levy, has sent out a large number of circulars advertising its business, and that said corporation, through its president, Hull, has received large sums of money and mail addressed to the company, which Hull has appropriated to his own use, for the purpose of defrauding complainant and the other creditors of the King Manufacturing Company; that for two years past Hull has been the owner of all the stock of the corporation, and had full control of the company, and purchased all the supplies for said company; that all purchases made by Hull for the company have been made in the name of the company, but that during said period Hull has received all moneys paid to the company, and deposited them to his own credit in the American Exchange National Bank of Chicago; that said Hull has received large sums of money belonging to the King Manufacturing Company, which he has used for his own private purposes, and which should have been applied to the payment of creditors of the King Manufacturing Company; that if said Hull be required to render a strict account and turn over moneys received from, and which belong to the King Manufacturing Company, there will be sufficient funds to pay the just debts of the King Manufacturing Company; that it is the intention of Hull, pursuant to agreement made with the Charles H. Fuller's Advertising Agency, to have the last named corporation purchase under its judgment the property of the King Manufacturing Company, and afterward turn the same over to said Hull, whereby complainant and the other creditors of the King Manufacturing Company will be defrauded; that "if the sheriff is permitted to proceed with the sale of said property, it will be greatly sacrificed on account of the technical and peculiar character of said business," and that all of the. tangible assets of said company would not sell for $500 cash; that the assets consist largely of records and files used for the purpose of rating

customers, and are of such a character that the same could
be made available only through the instrumentality of a re-
ceiver; that " if a receiver be appointed consistent with the
rules of this court to take charge of the assets of the said
King Manufacturing Company, and keep it so that it may
be disposed of as a going concern, and collect the outstand-
ing accounts of said defendant, there will be realized assets
sufficient to pay all the just debts of the said defendant,
the King Manufacturing Company;" that there is outstand-
ing a large portion of unpaid subscriptions to the stock of
the King Manufacturing Company, which a receiver could
collect, but which will be lost and destroyed if said property
is allowed to be sold under the execution of the sheriff.

A receiver having been appointed, and the sheriff en-
joined from selling under the executions, and ordered to
deliver to the receiver all assets of the King Manufacturing
Company in his, the sheriff's, hands, appellants prosecute
this appeal.

Smith, Shedd & Underwood, attorneys for appellants.

Wm. E. O'Neill, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the
Court.

The power of a court of equity to remove a judgment
out of the way of an execution issued upon a subsequent
judgment, is undoubted.

The difficulty with the bill filed by appellee is that as
against the plaintiffs in the judgments attached, no suffi-
cient reason for enjoining proceedings upon the executions
issued thereon is shown.

There is no allegation that " the notes of the Charles H.
Fuller's Advertising Agency," alleged to have been " given
for the purpose of defrauding complainant" were those
upon which the judgment of said " Agency " was entered,
or that said " Agency " was a party to such fraudulent pur-
pose; while the allegation that no consideration was given

by said agency for said notes, if true, does not establish that the notes were not valid and just claims against whomsoever may have executed them; and by whom such notes were made, is not alleged.

The allegation that the complainant has been informed by Hull, the president of the King Manufacturing Company, that said company is not indebted to any one, is entirely insufficient.

The complainant would not, as against appellants, be permitted, upon a final hearing, to testify what Hull had told him, and his *ex parte* affidavit can have no more weight than would his testimony in the cause.

The statements of Hull may afford good ground for proceeding against him or the company of which he is president, but by themselves are worthless for the purpose of obtaining an injunction to restrain the Charles H. Fuller's Advertising Agency or the Whitney Glass Works from the prosecution of the plain legal rights.

The order appointing a receiver and enjoining James Pease, sheriff, Charles H. Fuller's Advertising Agency and the Whitney Glass Works, is reversed.